```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                         FORT WORTH DIVISION

KEVIN DAVIS,                      §
                                  §
          Petitioner,             §
                                  §
v.                                §       No. 4:13-CV-311-Y
                                  §
WILLIAM STEPHENS, Director,       §
Texas Department of Criminal      §
Justice, Correctional             §
Institutions Division,            §
                                  §
          Respondent.             §
```

## OPINION AND ORDER

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Kevin Davis, a state prisoner, against William Stephens, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent.

After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

### I.  Factual and Procedural History

On December 19, 2011, Petitioner was indicted for felony driving while intoxicated (DWI) in Parker County, Texas, Case No. CR11-0829.  (Admin. R., Indictment 34-35, ECF No. 9-2.)  The indictment also included an enhancement paragraph alleging a prior 2007 felony DWI conviction.  (*Id.* at 35.)  On June 5, 2012, pursuant to a plea agreement, Petitioner pleaded guilty to the offense and true to the enhancement allegation, and the trial court

sentenced him to nine years' confinement. (*Id.* at 41.) Petitioner did not directly appeal his conviction or sentence. (Pet. 3, ECF No. 1.) On January 7, 2013, Petitioner filed a state habeas application challenging his conviction, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court. (Admin. R. cover, 1-20, ECF No. 9-2.) This federal habeas petition followed.

According to Petitioner, on the night of October 8, 2011, his car was involved in a one-car accident across the street from his residence on Horseshoe Bend Road in Parker County, Texas. The driver was nowhere to be found when DPS Officer Jacob Smith and emergency personnel arrived at the scene of the accident. Officer Smith came to his residence across the street and demanded he return to the scene and asked him to take a sobriety test. He refused and was subsequently arrested for DWI. His blood sample was drawn and the results of a blood test indicated he was intoxicated. (Pet. 6-18, ECF No. 1.)

## II.  Issues

Petitioner raises the following grounds for habeas relief:

(1) and (2)  His conviction was obtained from evidence obtained from an unlawful arrest;

(3)  He received ineffective assistance of court-appointed counsel because counsel allowed Petitioner to plead guilty to the charges when she knew or should have known that his arrest was unlawful, that the blood sample was unlawfully drawn and that the state lacked sufficient evidence to support a conviction and because she divulged privileged information;

2

(4)   The state engaged in malicious prosecution by prosecuting him on the charges without sufficient evidence, direct or circumstantial, linking him to the vehicle or establishing that he was driving the vehicle intoxicated in a public place;

(5)   It is a miscarriage of justice for him to suffer punishment for the unsubstantiated charges;

(6)   His conviction was obtained by the use of Officer Smith's perjured "testimony" in his report that Petitioner was being administered medical attention by EMS personnel at the time he arrived on the scene;

(7)   His conviction was obtained in violation of attorney-client privilege because defense counsel divulged privileged information to the prosecutor; and,

(8)   The state engaged in prosecutorial misconduct by using confidential information and false allegations in its answer recommending denial of his state habeas application.[1]

(Pet. 6-18, ECF No. 1.)

## III.  Discussion

*1.  Legal Standard for Granting Habeas Corpus Relief*

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA).  28 U.S.C. § 2254.  Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established Supreme Court precedent or that is based on an unreasonable determination of the facts in light of the record before the state court.  *Harrington v. Richter,* 131 S.

---

[1]Respondent asserts one or more of Petitioner's claims are unexhausted and/or procedurally barred.  (Resp't's Answer 7-13, ECF No. 10.)  These issues are not addressed however given the Court's disposition of the claims.

3

Ct. 770, 785 (2011); 28 U.S.C. § 2254(d)(1)-(2).  This standard is difficult to meet, but "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington*, 131 S. Ct. at 786.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings.  *Hill*, 210 F.3d at 485.  Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct.  This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed-law-and-fact conclusions.  *Valdez v. Cockrell*, 274, F.3d 941, 948 n.11 (5th Cir. 2001).  The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399.  Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas-corpus application without written opinion, as in this case, it is an adjudication on the merits, which is entitled to the presumption.  *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Under these circumstances, a federal court may assume the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and infer fact findings consistent with the state court's disposition.

*Townsend v. Sain,* 372 U.S. 293, 314 (1963)[2]; *Catalan v. Cockrell,* 315 F.3d 491, 493 n.3 (5th Cir.2002); *Valdez,* 274 F.3d at 948 n.11; *Goodwin v. Johnson,* 132 F.3d 162, 183 (5th Cir. 1997).

*2. Waiver*

By entering a knowing, intelligent and voluntary guilty plea, a defendant waives all nonjurisdictional defects, including claims relating to deprivation of constitutional rights, that antedate the plea. *See Tollett v. Henderson,* 411 U.S. 258, 267 (1973). The waiver includes claims of ineffective assistance of counsel, unless the alleged ineffectiveness relates to the voluntariness of the guilty plea, Fourth-Amendment claims, prosecutorial-misconduct claims, and claims regarding insufficiency of the evidence. *See United States v. Wise,* 179 F.3d 184, 186 (5th Cir. 1999) (waiving Fourth Amendment violations); *Murray v. Collins*, 981 F.2d 1255, 1992 WL 387015, at *3 (5th Cir. 1992) (waiving claim that prosecutor and peace officers engaged in misconduct); *United States v. Hanyard*, 762 F.2d 1226, 1229-30 (5th Cir. 1985) (waiving claim regarding sufficiency of the evidence); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (waiving claims of ineffective assistance, except for claims related to voluntariness of plea).

Although no reporter's record of the plea proceedings was provided, the documentary evidence of the plea proceedings supports

---

[2]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

5

the conclusion that Petitioner's plea was freely, voluntarily, and knowingly entered. Petitioner executed the written plea admonishments in which he acknowledged that he understood the content of the document as it was applicable to him, including the charged offense and the punishment range as enhanced, that he understood his rights and waivers, that he was aware of the consequences of his plea, that he was mentally competent to enter his plea, and that his plea was made freely, knowingly, and voluntarily, and he judicially confessed to committing the offense as charged in the indictment. (Written Plea Admonishments 36-40, ECF No. 9-2.) *See Blackledge,* 431 U.S. at 74; *Kelley v. Alabama,* 636 F.2d 1082, 1084 (5th Cir. 1981). Such representations by a defendant during plea proceedings "carry a strong presumption of verity." *Blackledge,* 431 U.S. at 74. Furthermore, trial counsel certified that she reviewed and explained the admonishments, rights, waivers, and judicial confession to Petitioner and that she was satisfied his plea was freely, knowingly, and voluntarily entered, and the trial court, after questioning Petitioner in open court, found that his plea was intentionally, knowingly, and voluntarily entered. (*Id.* at 39-40.)

Petitioner has failed to rebut the presumption of regularity of the state court records by clear and convincing evidence. *See Webster v. Estelle,* 505 F.2d 926, 929-30 (5th Cir. 1974) (holding state court records "are entitled to a presumption of regularity");

6

*Babb v. Johnson,* 61 F.Supp.2d 604, 607 (S.D.Tex. 1999) (same). Therefore, in light of Petitioner's voluntary guilty plea, grounds one, two, three in part, four, five and six are waived. *See Florida v. Nixon,* 543 U.S. 175, 187 (2004); *United States v. Broce,* 488 U.S. 563, 573-74 (1989); *Boykin,* 395 U.S. at 243; *United States v. Williams,* 61 Fed. Appx. 120 (5th Cir. 2003).

### 3.  Attorney-Client Privilege

Petitioner claims under his third and seventh grounds that his counsel was ineffective and his conviction was "obtained in violation of the Federal Rules of Evidence for the United States Courts and Magistrates Rule 5.01 [sic]" because trial counsel divulged privileged information to the state.  Specifically, he asserts counsel told the prosecutor that Petitioner had "a couple of alcoholic drinks after judging a chili-cook-off" before the accident. (Pet. 17, ECF No. 1.) Fed. R. Evid. 501.  This claim is wholly conclusory, with no evidentiary basis whatsoever.  Such claims do not provide a basis for federal habeas-corpus relief. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

### 4.  State Habeas Proceedings

In his eighth ground, Petitioner claims the state used confidential information and made false statements in its response to his state habeas application.  Alleged errors or irregularities occurring in state habeas proceedings do not, however, raise cognizable claims for federal habeas relief, as such claims do not

7

directly challenge the underlying state conviction. *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004).

### 5. *Summary*

In summary, based on the record before the Court, the state courts' rejection of Petitioner's claims, to the extent they were raised in state court, is not contrary to, nor does it involve an unreasonable application of, clearly established Supreme Court precedent. Nor was the decision based on an unreasonable determination of the facts in light of the evidence presented in the state court.

For the reasons discussed,

The Court DENIES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed, the Court further DENIES a certificate of appealability.

SIGNED July 22, 2014.

*/s/ Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

8